I've just been advised that the attorney involved in the Razook motion is not going to appear, and so we'll take that motion on submission. Our next case scheduled for argument this morning is United States v. Handy, 15-3177. Thank you. Good morning. May it please the court, my name is Jesse Siegel. I represent the appellant Dwayne Handy in this case. Mr. Handy is currently serving a 15-year sentence that's comprised of a 10-year sentence for a drug offense and a five-year sentence for a violation of Section 924C, which is the conviction that's at issue in this appeal. And the issue here is whether the district court complied with its obligations under Rule 11BG to ensure that Mr. Handy understood the nature of the Section 924C charge and, relatedly, whether the court elicited a sufficient factual basis for the plate. Now, Rule 11 has many purposes, but one of the purposes is to ensure that when a defendant pleads guilty, she or he does so knowingly and voluntarily. And as this Court noted in U.S. v. Martinez, Rule 11 includes a strict requirement, quote-unquote, that a court inform a defendant and determine that the defendant understands the nature of each charge to which the defendant is pleading guilty. While Rule 11 does not prescribe the exact procedure to be followed, the court held in Martinez that it's, quote, essential the court determine by some means that the defendant actually understands the nature of the charges. Well, in this case, Sotheby read the indictment, right? It was read. I think it might have been the court clerk that read the indictment. But, in any event, at the proceeding, the indictment was read to the defendant. That's correct. And he was asked how he pled, and he said he pled guilty. And it's correct. Isn't that enough? Well, it's correct that this Court has held that under certain circumstances, or that that may be circumstances, would tend to show that it's enough. So I think the correct answer is sometimes it's enough and sometimes it's not enough. And our argument here is that here it was not enough because of the nature of the charge, specifically that Section 924C requires not only that a person possess a gun and that a person have engaged in drug-related activity, among other things, but that the possession of the gun be in furtherance of the drug-related activity. Isn't there something complicated about the notion of in furtherance of, to further something? I mean, what is there that was difficult about this? Your client had like at least a year of college, I think. Isn't that right? That's what the record indicates. And he participated fully with conversational responses. I mean, he said, yes, he understands. Here we had the government that went through an extensive recitation of the number of, there were four guns I think found in the so-called stash house, one of which was loaded. And there was drugs and over $10,000 in cash that were found there. I find it difficult. And he had rented the space, right? He wasn't he on the lease? That's correct. Yeah. Yeah. So what was there that was missing from this that suggests that he did not understand or that the court was mistaken in believing that he understood the nature of the charge? Well, the nature of the charge requires some sort of nexus between the possession of the gun and the drug-related activity. And that was not something that was specifically... He was asked, and you possessed these guns during the time you were selling. He said, yes, I did. Yes. And that is actually in and of itself the sort of the thing that jumps out about the way in which this plea was taken. The mere fact that a drug dealer, as the court has made clear in, I believe it was Chavez and Snow, the mere fact that a drug dealer possesses a gun is not in and of itself sufficient, although the temporality of it may be a relevant consideration. And that's what may very well have misled Mr. Handy. The requirement was that the gun in some way furthered or... Does he take the position he was actually misled or that he could have been misled because of the one question? I think there were two questions that the court asked that placed the drugs and his four guns, including his loaded gun, at the same place in the same time. And he suggested... He didn't ask any question. There was no sense of confusion in the record that I read that they were related. I mean, the drugs were found in the same place as the guns and the cash. And that location wasn't used for other purposes from what we could tell. It was rented to serve that purpose as the government laid out at the change of plea hearing. So is he taking the position that he was actually misled? I think the position that we take is that the court failed to describe the elements of the offense and failed to explain that to sustain... If the case went to trial, the government would have to prove each of those elements beyond a reasonable doubt. And that in that... I'm sorry. No, I interrupted you. Go ahead. In that context, the question to him was misleading. And it was in fact misleading and therefore did not constitute complying with Rule 11's requirement that he understand the nature of the charges. But the question, which used the word during the drug trafficking crime, was preceded by a reading of the indictment, which specifically stated that the possession had to be in furtherance of a drug trafficking crime. So do you think in furtherance is ambiguous? To me, it's not ambiguous. I've been a defense attorney for over 30 years, but I'm putting myself in the shoes of a criminal defendant. Or a jury. Do you think a jury or a criminal defendant has difficulty understanding what in furtherance means? Well, I think there would be, in fact, a jury instruction that would describe what in furtherance means to the jury. So I don't think they... I'm sorry, Judge. I was going to say your view is that the district court would have to essentially read the elements, read the jury instructions that would be appropriate for a particular charge as part of a plea allocation? Well, not necessarily, but in some way, explain what the words in furtherance meant. That that is simply it. Whether it was to the length that a jury instruction might be, or a far shorter way. But in some way, would have to explain what the words were. In some way, explain to him that the government would have to prove, if the case went to trial, that there was a connection between the possession of the guns and the drug-related activity. But he didn't express any confusion about the term in furtherance, correct? After the proceeding? That is correct. He had a lawyer before, during, and after the proceeding, right? He did, although that's a lawyer that he subsequently accused of ineffective assistance of counsel and said that the lawyer had given him essentially bad information about what the said in his habeas, that the lawyer had said to him that they would simply have to prove that the guns and the drugs were both possessed at the same time. Okay, we'll hear from the government. Thank you. You have three minutes for rebuttal. Thank you, Judge. May it please the court, Rajiv Dosanjh for the government. I think it's important to start out with a standard of review here. We're under plain error, and I think ultimately the court can simply decide that there has not been a showing of plain error here. The court did comply with Rule 11. The court, as Judge Sullivan has pointed out, has already said that, read the indictment to Mr. Handy. The indictment did contain the elements of the charge. The court then repeatedly confirmed that Mr. Handy understood the charges. His attorney repeatedly confirmed that he advised Mr. Handy. Why wasn't it a little misleading, though, for the court to say you had the guns during the time that you engaged in drug trafficking and suggesting that temporal overlap was enough? Your Honor, I think it's important to put that question into context. That was after Mr. Handy had said, well, you know, some of the things the government had said were true, some of them were not. So the court then asked him, what exactly are you disputing? And it's important also to note that there's a possession, a felon in possession charge here that's also one of the counts. There's no indication that the court... And the possession count is not appealed, right? It's not being appealed. And the court's question, I think, read in context was going towards more just... So the way the guns were found, those were found in an apartment that Mr. Handy had rented. They were not found on his person at the time of his arrest. And so one of the issues was, are you in fact admitting that you possess those guns? In relation to the count five, which is the felon in possession charge, there was no representation made by the court or the government that Mr. Handy's mere possession of the guns during the same time he was drug trafficking was enough. There was no affirmative misrepresentation here. The court was clarifying one issue. It was not saying that the government didn't have to show that this was in furtherance of drug trafficking. And those elements were laid out in the indictment. Mr. Handy confirmed that he knew those, that he understood the charge. And I think all the circumstances here suggest that he understood what in furtherance meant. Again, there's a possession charge. He would have understood that mere possession would not have then been enough to satisfy count three, which says in I mean, because they're separate counts. They're separate counts. And so this is, there's, it would be obvious, I think, to a person of his intelligence that this is extra, this is another type of crime. Also, he, as the, as the court has already pointed out, he was very active in this plea agreement, plea hearing. He asked questions when he didn't understand something. Furthermore, his, he was, all the conduct that he's admitted here shows that these guns were kept in close proximity to his stash of drugs. Is the proximity, is proximity enough? Is that's all that would need to be shown? Your Honor, I think it is under the court's law. I think the cases where, where in furtherance becomes an issue is where a gun, like a, like a shotgun is or the weapon, the drugs are found in the possession of a, of a defendant and in their own residence. Here, this is, he admitted that this is a place where he stored a large quantity of drugs. It was the stash house. A loaded handgun was found, he admitted, was found underneath a mattress he slept on. Another gun- When you say he slept on, his residence was elsewhere though, right? Right. But the, the evidence found at the stash house show that his personal, his clothing was in the room with the mattress. His pictures of himself were in the, in the room with the mattress. So there was a basis to, to assume that at some points he would occasionally sleep next to his stash or near his stash. And, and obviously a gun kept, a loaded handgun kept underneath the mattress is going to afford protection. One gun was found under the sink in the kitchen and there was a, there were drugs and money found in the safe inside the stove. Right. Which is, which is, you know- That also was in the kitchen. In the kitchen. Right. And so again, that shows that, that the circumstances here show that how close the guns were kept. And this court's case law and case laws of other circuits show that keeping guns in various locations in a stash house is, is, that is in furtherance. And so as far as the, the, the alleged advice that he got from his attorney that he raised in his, in his habeas petition, as the district court found in rejecting that, that was not necessarily unreasonable advice that if you have guns in a stash house in close proximity or in proximity to, to all these, a very large amount of drugs, that is in furtherance, that, that is enough to show in furtherance. The, the habeas petition though, it was filed at the same time as this appeal was pending. Right. And it was decided, and then this court denied a COA. Do we owe any deference to any of those rulings or? I mean, it's a different question. It's a different question. It's, it's, uh, I don't think that that in any way binds this court's assessment of the rule 11, uh, compliance here. Um, but I, I would say also looking further, a field of the record, if you're looking under plain error, you have to go also to the initial detention hearing where, um, the government and the magistrate judge made it very clear that what the government was asserting was he was keeping these guns to protect his stash. And this was said explicitly in Mr. Handy's presence. Um, and under plain error, you can look to the entire record to see if there's any likelihood that he didn't understand what the charge was about. And that made it very clear. And I think that would by itself prevent a finding of, of plain error. Am I correct that the keys? Oh, I'm sorry. Am I correct that the keys to the apartment that he rented the apartment and the keys to the apartment and to the safe were found within the police car? Or was it in the car that he was driving when he was arrested? Uh, your honor, I, I would have to go back to absolutely confirm this, but I think it was in his car. I think when, when he got out, they were found on the seat, um, of the car that he was arrested in. He was driving towards a, uh, uh, drug deal. He didn't have a gun on him. He had a small quantity of, of, of drugs at the time, but, um, he did have the keys to the apartment. Um, and I think in general, I think that makes a lot of sense. If you're a drug dealer, you don't carry around your full stash all the time. It just exposes you to, to both to the police and to the potential for theft. Um, the drugs were kept in the stash house with guns to protect that stash. Um, uh, finally, I think, uh, on the question of plain error, you have to show that there's been no showing that this affected his substantial rights. He, he asserts that he would not have gone to trial had he known, uh, if, if the nexus requirement had explained to him at the plea hearing. But, um, I think the admitted facts that he's, that are on the record here clearly show that he would not have had any kind of viable defense, uh, to the 924 C charge. Um, were you trial counsel? I was not. Oh, uh, all right. This is, I appreciate it's sometimes delicate for the prosecutor to be helpful to a judge who perhaps thinks he doesn't need help, but this whole case would hardly have arisen if the prosecutor had very politely said, judge, you did ask him, did you possess them during the time? Could you just clarify that you had those guns to protect your stash? You just had that little wording thing. And he would have said, yes, we wouldn't even be here. Uh, your honor that I can't dispute that. And, and a lot of prosecutors are reluctant. Uh, uh, I once had one who stood silently when there was no, uh, presumption of innocence charge. Uh, you, you do have to for sure your record is protected. Your honor. That's correct. I do think though here, this is in the court has issued over the last two or three years. And, and our office is very aware of the court's concerns about, um, rule 11 rule 11 compliance, uh, in our district. And it has, as made very clear in its latest decision, which was in August in Lloyd, which was your honor's decision that it's, it's both the responsibility of the court and the prosecutors. And that has been conveyed to the prosecutors. Um, and we are, our, our practice now is to, uh, have an offer of to make sure that the elements, uh, of the charge are expressly stated, um, during the, the, uh, the plea hearing. That's terrific. That's yeah. Uh, if there's any other questions, uh, I'll rest on our brief. Thank you very much. Mr. Siegel, you have three minutes. Thank you, judge. I think judge Newman's point is exactly correct though, which is that it should have been apparent to the government at the time that the question asked by the judge was inadequate to, uh, both, uh, inform Mr. Handy what was required and to elicit the appropriate facts. And that's precisely required, but at least we'll put to rest any question and we are on plain error review, right? That is correct. But I mean, it's also true that under, uh, I believe the case law, it's, um, the judge's obligation to inform a defendant concerning the nature of the charges against him, a judge taking the plea. And in this case, um, there was, I mean, I, you know what, I've been on the district court panel for over 20 years and it's almost always the case that at a plea, the judge will either say what the elements of the offense are or ask the government to state what the elements of the offense are. And that is informing the defendant what's the nature of the charges against him or her. And that didn't happen here at all. Um, the government says, well, you know, it was obvious from the original detention hearing, but again, the judge taking the pleas can't rely on what happened at some other plea, uh, proceeding to make sure the defendant is informed about the nature of the charges. But I come back to my original question. What is ambiguous about the phrase in furtherance of? Well, it's ambiguous enough that it's the court has had to clarify in case law. What in furtherance of is, uh, it means not simply during the same time that you're engaging in drugs, but that in some way, um, it, it gives a drug dealer some sort of advantage. I think the, uh, the specific languages in the case law, whether actual or potential or, but, but not illusory. Um, so you asked, is proximity enough? You know, I think the question here is not whether, had this been a trial and had all these facts been adduced to trial, whether that would have been sufficient evidence to sustain the charges. The question is, did anybody tell Mr. Handy during the plea proceeding? What would, what was required to, uh, that this nexus was required and what that nexus could or might consist of. And as judge Newman's pointed out, it could have been very easily accomplished and it wasn't accomplished. So unless the court has any other questions. Thank you. I think we have the arguments. We'll reserve decision. Thank you.